IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    No. CR 02-2255 JB

JOSE IVAN PEREA-GONZALEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Jose Ivan Perea-Gonzalez' Motion for Downward Adjustment in Criminal History Category, filed December 6, 2004 (Doc. 52). The primary issue is whether the Court should adjust downward Perea-Gonzalez' criminal history category. Because the Court concludes that Perea-Gonzalez' criminal history category does not significantly over-represent his criminal history, the Court will deny the motion for downward departure.

## PROCEDURAL BACKGROUND

The Presentence Report ("PSR") assigns Perea-Gonzalez a total offense level of twenty-four for the current offense. Perea-Gonzalez has ten criminal history points and a criminal history category of V. He received one point for a 1998 juvenile conviction for criminal trespass and obstruction of justice. See Presentence Report ¶ 17, at 4-5 (disclosed September 27, 2004)(hereinafter "PSR"). He received two points for a 1999 conviction for assault and disorderly conduct. See id. ¶ 18, at 5. He received two points in 2000 for a conviction for domestic battery/bodily harm. See id. ¶ 19, at 5-6. He received three points for a 2000 conviction for battery (enhanced) and unlawful restraint.

See id. ¶ 20, at 6.  Each of these convictions occurred while Perea-Gonzales was on conditional discharge or probation.  See id. ¶¶ 18-21, 4-6.

Defendant Jose Ivan Perea-Gonzalez moves for a downward adjustment in his criminal history category.

## LAW REGARDING OVER REPRESENTATION OF CRIMINAL HISTORY

Section 4A1.3(b) of the United States Sentencing Guidelines provides for downward departures based on the inadequacy of a defendant's criminal history category: "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."  U.S.S.G. § 4A1.3(b).  The application notes explain: "A downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period."  U.S.S.G. § 4A1.3(b) n.3.

## ANALYSIS

Perea-Gonzalez contends that a history category of V significantly over represents the seriousness of his criminal history as well as the likelihood that he will commit additional crimes.  Perea-Gonzalez requests that the Court find that category III is more appropriate.  He argues that the court should consider that his criminal history category is enhanced because of the timing of the offense.  See United States v. Martinez, No. 98-3821, 1999 U.S. App. LEXIS 31963 (6th Cir. November 22, 1999) (excluding three prior convictions from defendant's criminal history, thereby reducing his criminal history category from IV to III); United States v. Baker, 804 F. Supp. 19, 22 (N.D. Cal. 1992)(reducing criminal history category from III to I for defendant with prior convictions

for giving false information and grand theft auto, and two additional points for committing offense of conviction while on probation); United States v. Anderson, 955 F. Supp. 935, 937 (N.D. Ill. 1997)(finding criminal history category III significantly over represented the defendant's prior convictions for drunk driving and domestic battery thereby warranting a downward departure to criminal history category II).

The Court does not believe a departure is warranted in the circumstances of this case. The example given in the application notes for § 4A1.3(b) indicates that downward departures are warranted when a defendant's prior offenses were not serious and occurred many years before the instant offense. Perea-Gonzalez' criminal history, however, indicates that he has a recent history of violent crimes and probation violations. Because of Perea-Gonzalez' pattern of criminal activity and probation violations, the Court cannot conclude that a criminal history category of V "substantially over-represents the seriousness of [his] criminal history or the likelihood that the defendant will commit other crimes." The Court will therefore deny Perea-Gonzalez' motion for downward departure.

**IT IS ORDERED** that Defendant Jose Ivan Perea-Gonzalez' Motion for Downward Adjustment in Criminal History Category is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David Iglesias
  United States Attorney
    for the District of New Mexico
Randy M. Castellano
  Assistant United States Attorneys
Las Cruces, New Mexico

> *Attorney for the Plaintiff*

Anthony White
Deming, New Mexico

> *Attorney for the Defendant*